UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  FEB 19 2020  ★

BROOKLYN OFFICE

-------------------------------------------------------- x

**LIELA AMISSAH**,

                     *Plaintiff*,

         -against-

**WELLS FARGO**, et al.,

                 *Defendants*.

-------------------------------------------------------- x

**MEMORANDUM & ORDER**

2:19-cv-04624 (AMD) (CLP)

**ANN M. DONNELLY**, United States District Judge:

On August 12, 2019, the *pro se* plaintiff, Liela Amissah, filed a complaint against the

defendants, Wells Fargo and U.S. Bank National Association, asserting state and federal claims

relating to a 2014 state court judgment awarding the plaintiff's home to the defendants. (ECF

No. 1.) The plaintiff seeks rescission of the underlying loan, injunctive relief, and monetary

damages for each of these violations. (*Id.*) The defendants moved to dismiss the complaint on

August 29, 2019; the plaintiff did not oppose. (ECF No. 6.)[1] For the reasons that follow, the

complaint is dismissed.

## BACKGROUND[2]

In 1998, the plaintiff purchased her home, located at 122 Boden Avenue in Valley

Stream, New York. (ECF No. 6-3 at 37.)[3] In 2006, she fell behind on her mortgage payments.

---

[1] The defendants moved to dismiss the complaint on August 29, 2019. (ECF No. 6.) Although the Court gave the plaintiff multiple extensions of time on October 2, 2019, November 1, 2019, December 27, 2019, and February 7, 2020, the plaintiff did not respond. The plaintiff's failure to oppose the defendants' motion to dismiss "does not, by itself, require the dismissal of [her] claims." *Leach v. City of N.Y.*, No. 12-CV-2141, 2013 WL 1683668, at *2 (S.D.N.Y. Apr. 17, 2013). "The sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

[2] All facts are taken from the complaint, materials incorporated into the complaint by reference, materials integral to the complaint, and facts that are capable of judicial notice. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

[3] I take judicial notice of the filings in the foreclosure action (Index No. 5408/2008), as the Court may

(*Id.*) A mortgage broker allegedly contacted her and offered to "help her refinance so that she could end the foreclosure proceeding and obtain necessary funds to fix up the premises." (*Id.* at 38.) The arrangement involved adding the name of a so-called "straw buyer"—Sylvia Balogh— to the deed. (*Id.*) On September 21, 2006, Balogh executed a note with the defendants for $505,000, secured by a mortgage on the plaintiff's home. (*Id.*) The broker and attorney at the closing allegedly told the plaintiff that "the house would continue to be in her name, that $160,000 would be held in escrow, and that $60,000 would also be held in escrow, in order to cover the new mortgage payments for a year." (*Id.*) When the plaintiff paid off the original loan in August of 2007, she learned that the escrow funds in connection with the second loan were gone. (*Id.*)

On March 21, 2008, the defendants filed a complaint in Nassau County Supreme Court seeking to foreclose on the second mortgage. (ECF No. 6-2.) Ms. Balogh, whom the state court described as the "straw buyer," also filed an eviction action in state court. (ECF No. 6-3 at 39.) The plaintiff moved to intervene in the foreclosure action, seeking injunctive relief and consolidation of both actions. (ECF No. 6-3 at 38-40.) On February 9, 2009, the Honorable Karen V. Murphy of the Nassau County Supreme Court consolidated the actions and permitted the plaintiff to intervene in the foreclosure action, but denied her request for injunctive relief. (*Id.*)

On February 29, 2012, the Honorable Thomas A. Adams struck the plaintiff's answer, denied her cross-motions, and granted summary judgment to Wells Fargo. (ECF No. 6-5 at 50-55.) Judge Adams found that the plaintiff did not serve the parties with a pleading, that she

---

consider matters of public record when deciding a motion to dismiss. *Sutton ex rel. Rose v. Wachovia Sec., LLC*, 208 F. App'x 27, 29-30 (2d Cir. 2006). However, I consider the documents filed "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer*, 937 F.2d at 774 (citation omitted).

alleged only "conclusory affirmative defenses" in response to Wells Fargo's cross-pleadings and motions, "fail[ed] to state a viable cause of action against [Wells Fargo]," and did not otherwise "satisfy her evidentiary burden" or "demonstrate[] that discovery may lead to relevant evidence" in the pending consolidated action. (ECF No. 6-5 at 53-54.) On September 19, 2014, Judge Adams awarded a judgment of foreclosure and sale to the defendants. (ECF No. 6-6.) The property does not appear to have been sold, and there is a pending eviction proceeding against the plaintiff. (ECF No. 1 at ¶ 115.)

On August 19, 2019, the plaintiff filed this action. (ECF No. 1.) On August 20, 2019, Magistrate Judge Cheryl L. Pollack entered an order directing the plaintiff to serve the defendants by November 11, 2019. (ECF No. 4.) To date, the plaintiff has not served the defendants. (ECF No. 6.)

## STANDARD OF REVIEW

A court evaluating a motion to dismiss must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). Because allegations in *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972), a court must read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008). However, an action will survive only if the law recognizes the claims, and if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

## DISCUSSION

The defendant argues that this action is barred on several grounds, including the *Younger* and *Rooker-Feldman* abstention doctrines, *res judicata*, and collateral estoppel.[4] Because each of these grounds precludes the plaintiff from bringing her claims in federal court, the complaint is dismissed.

### I. *Younger* Abstention

Under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), this Court lacks jurisdiction over the plaintiff's claims. "The defining feature of *Younger* abstention is that even though either a federal or a state court could adjudicate a given claim, when there is an ongoing state proceeding in which the claim can be raised, and when adjudicating the claim in federal court would interfere unduly with the ongoing state proceeding, the claim is more appropriately adjudicated in state court." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000). *Younger* abstention is triggered by three categories of state court proceedings: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

Here, the third prong of the *Sprint* rationale applies. "[F]ederal court intervention in an ongoing state foreclosure proceeding . . . [is] generally barred by *Younger v. Harris*." *Fequiere v. Tribeca Lending*, No. 14-CV-0812 (RRM)(LB), 2015 WL 1412580, at *7 (E.D.N.Y. Mar. 20, 2015) (quoting *Marcelo v. EMC Mortg. Corp.*, 2011 WL 1792671, at *4 (E.D.N.Y. May 6, 2011)). The plaintiff seeks injunctive and monetary relief relating to the same property that is

---

[4] The defendants also argue that the plaintiff's Truth in Lending Act claims are time-barred, that the complaint does not plead the basic elements of each stated cause of action, and that the plaintiff did not properly serve the defendants under F.R.C.P. 4(m). Because I find that this action is barred by *res judicata*, I do not reach these arguments.

the subject matter of the underlying state court actions. The plaintiff's remedies are therefore limited to state court—either in the original venue, or on appeal to the state appellate court. *Younger* abstention bars her from seeking injunctive relief in a federal court.

## II. *Res Judicata*

"Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' to support or defend against the alleged cause of action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (alterations and citation omitted) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Federal courts have "consistently accorded preclusive effect to issues decided by state courts," and Congress requires federal courts "to give preclusive effect to state-court judgments whenever the courts from the State from which the judgments emerged would do so[.]" *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (citing 28 U.S.C. § 1738). Accordingly, I look to New York law to determine whether the plaintiff's claims are barred by *res judicata. Harris ex relatione Harris v. BNC Mortg., Inc.*, No. 16-CV-2126, 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017).

In New York, "res judicata bars successive litigation of all claims based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Sheffield v. Sheriff of Rockland Cty. Sheriff Dep't*, 393 F. App'x 808, 811 (2d Cir. 2010) (alterations omitted) (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008)). New York applies a "transactional approach" to *res judicata*, which means that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are

barred, even if based upon different theories or if seeking a different remedy."[5] *Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan*, 263 F.3d 196, 200 (2d Cir. 2001) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)).

Application of that standard to the plaintiff's complaint requires dismissal. This action involves the same parties as the foreclosure proceeding; that proceeding was adjudicated on the merits when the state court dismissed the plaintiff's claims on summary judgment and entered a judgment of foreclosure and sale. *See Harris*, 2017 WL 1166357, at *4 ("[T]he State Court entered a judgment of foreclosure and sale on the Property against Plaintiff, which is an adjudication on the merits . . . a judgment of foreclosure and sale in a state court action constitutes an adjudication on the merits for the purposes of claim preclusion.") (citing *Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 F. App'x 20, 22 (2d Cir. 2016) and *De Masi v. Country Wide Home Loans*, 481 F. App'x 644, 645 (2d Cir. 2012)). Her claims arise out of the same series of transactions at issue in state court: the allegedly fraudulent second mortgage and subsequent property foreclosure. The plaintiff is merely making the same arguments that the state court rejected, but in a federal forum.

In bringing this action, the plaintiff seeks to undo the order of foreclosure and sale, and ancillary eviction proceedings, by means of a new action. *Res judicata* precludes her from doing so. *See De Masi*, 481 F. App'x at 646 ("[T]he district court correctly determined that [the plaintiff] was precluded from relitigating her claims in federal court because the New York Supreme Court had previously entered final judgment in three cases arising out of the same set of

---

[5] New York courts use a "pragmatic" test to determine whether particular claims are part of the same transaction: "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Xiao Yang Chen v. Fischer*, 6 N.Y.3d 94, 100-01 (2005) (quoting Restatement [Second] of Judgments § 24 [2])).

operative facts, namely, the events leading up to and following the . . . foreclosure on [the plaintiff's] home."); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010) (the plaintiffs' claims were barred because they were based on "the allegation that [the] defendants improperly obtained a Judgment of Foreclosure and Sale."); *see also Carbone v. Deutsche Bank Nat'l Trust Co.*, 145 A.D.3d 848, 849-50 (2d Dep't 2016) (dismissing a collateral attack upon a valid judgment of foreclosure and sale); *Hanspal v. Washington Mut. Bank*, 153 A.D.3d 1329, 1331-32 (2d Dep't 2017) ("[R]es judicata barred his second cause of action, which was to 'cancel' the eviction action . . . any claims that the plaintiff could have raised against the present defendants in that action are barred by res judicata.") (citation omitted).

## III.   *Rooker-Feldman* **Doctrine**

Finally, the *Rooker-Feldman* doctrine provides a separate basis for dismissal. "Lower federal courts lack subject matter jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *McCluskey v. New York State Unified Court Sys.*, 442 F. App'x 586, 589 (2d Cir. 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). As discussed above, this action is a collateral attack on the state court foreclosure judgment. Accordingly, this Court lacks subject matter jurisdiction pursuant to *Rooker-Feldman*.[6]

### CONCLUSION

The defendants' motion to dismiss the plaintiff's complaint is granted. In light of the

---

[6] If the *Rooker-Feldman* doctrine were the only basis for dismissal, I would remand the action to state court. *See In re Card*, No. 12-CV-114, 2012 WL 382730, at *2 n.5 (E.D.N.Y. Feb. 6, 2012). However, because *res judicata* applies, I dismiss the case. *See Hachamovitch v. DeBuono*, 159 F.3d 687, 696 (2d Cir. 1998) ("[T]he underlying state interests may well be better served by the federal court giving full faith and credit to the state judgment (where a preclusion defense is raised) than by the federal court's refusal to exercise jurisdiction over the case.").

plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint within thirty days from the entry of this order. If the plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the same docket number as this order.

All further proceedings are stayed for 30 days. The amended complaint will replace the original complaint. If the plaintiff does not file an amended complaint within the time allowed or show good cause why she cannot comply, I will dismiss this action. If submitted, the amended complaint will be reviewed for compliance with this order and for subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3).

Although the plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      February 20, 2020